IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MARQUISE HARRIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:13-cv-00192 |
| ) | |
| WAYNE CARPENTER, ) | Judge Trauger |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

Marquise Harris, a state prisoner incarcerated at Riverbend Maximum Security Institution in Nashville, Tennessee, has filed a petition for the writ of habeas corpus under 28 U.S.C. § 2254. (ECF No. 1), seeking to challenge his conviction in the Criminal Court for Davidson County, Tennessee.

In response to the court's order entered April 3, 2013 directing a response to the petition, the respondent, Wayne Carpenter, filed a motion to dismiss Harris's petition on the grounds that the petition is time-barred. As discussed herein, the court finds that the respondent is correct and that the petition is therefore subject to dismissal.

**I.     PROCEDURAL BACKGROUND**

In July 2004, Harris was indicted by a Davidson County Grand Jury in case number 2004-C-2465 on one count of attempted first-degree murder, three counts of aggravated assault, one count of criminal impersonation, one count of criminal trespass, and one count of felonious possession of a weapon. At the same time, in case number 2004-C-2468, Harris was indicted on two counts of attempted first-degree murder, two counts of aggravated assault, and one count of felonious possession of a weapon. On January 13, 2006, Harris pleaded guilty to two counts of aggravated assault and one count of felonious possession of a weapon in case number 2004-C-2465, and to two counts of attempted first-degree murder in case number 2004-C-2468. In exchange for the pleas, the remaining counts were dismissed, and Harris received an effective total prison sentence of 23 years. *See Harris v. State*, No. M2009-01834-CCA-R3-HC, 2010 WL 2025406, at *1 (Tenn. Ct. Crim. App. May 21, 2010) (outlining case procedural history).

Harris did not take a direct appeal of his convictions. Instead, on July 10, 2008, approximately two and a half years after judgment was entered, Harris filed his first state petition for the writ of habeas corpus in Lake County, Tennessee. The petition was dismissed without a hearing by the Lake County Circuit Court, on the basis that the petitioner did not show that his sentence was illegal, and his other claims were not cognizable claims for habeas relief.[1] (ECF No. 21-2, at 1–2.) He improperly sought to appeal to the Tennessee Supreme Court; his application was dismissed on August 26, 2008.

Shortly thereafter, in October 2008, Harris filed a petition for the writ of habeas corpus in Davidson County, asserting essentially the same claims as those raised in his Lake County petition: claims of ineffective assistance of counsel; illegal search, seizure, and arrest; and unconstitutional sentence enhancement. The trial court denied relief, granting the State's motion to dismiss on the basis that Harris failed to raise claims that were cognizable in a state habeas proceeding. The trial court specifically noted that the claims of ineffective assistance of counsel should have been raised in a post-conviction petition pursuant to Tenn. Code Ann. § 40-30-101. The court noted that it had the discretion to construe the habeas petition as a post-conviction petition, but that, construed as such, the petition would be time-barred, because it was filed more than a year after the petitioner's judgment had become final. The Tennessee Court of Criminal Appeals, on *de novo* review, affirmed on May 21, 2010. *Harris*, 2010 WL 2025406, at *2.

Harris filed his third petition for the writ of habeas corpus in the state court on June 28, 2010, in which he asserted that his transfer to the Middle Tennessee Mental Health Institute for a forensic evaluation at the time of his arrest in May 2004 violated his rights under the Fifth and Sixth Amendments to the United States Constitution, and that as a result of the illegal transfer, neither the trial court nor the criminal court had subject-matter jurisdiction over his criminal case. He also argued that his trial counsel was ineffective for failing to raise lack of jurisdiction in the trial court as an issue. *Harris v. State*, No. M2010-01905-CCA-R3-HC, 2011 WL 255293 (Tenn. Ct. Crim. App. Jan. 20, 2011). The court again

---

[1] A writ of habeas corpus is available under Tennessee law, Tenn. Code Ann. § 29-21-101, *et seq.*, only when it appears on the face of the judgment or the record that the convicting court was without jurisdiction to convict or sentence the defendant or that the defendant is still imprisoned despite the expiration of his sentence. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993); *Potts v. State*, 833 S.W.2d 60, 62 (Tenn. 1992).

found that Harris failed to raise any claim that would entitle him to habeas corpus relief because his arguments, even if proven to be true, would not render his conviction void. The court again noted that treating his habeas corpus petition as a post-conviction petition would not be appropriate because the petition, treated as such, would not be timely. *Id.* at *2.

Finally, Harris filed a petition for post-conviction relief in the Davidson County Criminal Court on January 31, 2011, claiming that he had been denied the right to counsel during his involuntary commitment in May 2004, that he had ineffective assistance of counsel during the plea and sentencing, and that the statute of limitations for filing the post-conviction petition should be tolled. (ECF No. 21-14.) The trial court dismissed the petition on the basis that it was time-barred and that the petitioner did not present a viable basis for tolling the one-year limitations period for filing a post-conviction petition. (ECF No. 21-17, at 94–99.) Harris promptly appealed. (*See* ECF No. 21-17, at 100–01.) The issues raised on appeal were that (1) the statute of limitations for filing a post-conviction brief should be tolled as a result of the petitioner's mental incompetence "before the sentencing hearing, during the sentencing hearing, and after the sentencing hearing," and throughout the one-year limitations period; and (2) the "government" interfered with Harris's case by "illegally involuntarily administering [him] with numerous doses of antipsychotic medications without [Harris's] consent or the authorization of the court," and these medications and their side effects prevented the filing of a post-conviction petition during the one-year limitation period. (ECF No. 21-18, at 5–6.) Harris insisted that the trial court had not properly understood his arguments and had not addressed them.

The Tennessee Court of Criminal Appeals nonetheless affirmed the denial of the petition. *Harris v. State*, No. M2011-00941-CCA-R3-PC, 2012 WL 1366616, at *1–2 (Tenn. Ct. Crim. App. March 16, 2012), *perm. appeal denied* (Tenn. Nov. 26, 2012). The court first noted that the Tennessee statute authorizing the filing of post-conviction petitions provides for a one-year limitations period running from the date on which the challenged judgment becomes final, and that "[t]he statute explicitly states, 'The statute of limitations shall not be tolled for any reason, including any tolling or saving provision otherwise available at law or equity.'" *Id.* at *1 (quoting Tenn. Code Ann. § 40-30-102(a)). The court observed that, under the statute, "[t]ime is of the essence of the right to file a petition for post-conviction relief," *id.* and that the petitioner did not meet any of the three exceptions to the statute of limitations for post-conviction

petitions. *Id.*[2]

The court also recognized, however, that mental incompetence is a "due process concern that may toll the statute of limitations," but found that Harris had not made a *prima facie* showing that he was incompetent throughout the entire time from the date of his conviction through the date he filed his post-conviction petition. *Harris v. State*, No. M2011-00941-CCA-R3-PC, 2012 WL 1366616, at *1–2 (Tenn. Ct. Crim. App. March 16, 2012), *perm. appeal denied* (Tenn. Nov. 26, 2012). More specifically, the court noted that for tolling on the basis of mental incompetence to apply under state law, a petitioner must show that "he did not experience a total of one year of mental competency during the time between . . . the date his conviction became final and the filing of his petition." *Id.* at *2 (citation omitted). While Harris had presented "hundreds of pages of exhibits" in support of his mental-incompetence claim,

> none of these documents address[ed] the time after January 2008. Even if [the court] assume[d], therefore, that Harris's petition made a *prima facie* showing of incompetence for the period from his conviction date to January 2008, he has made no such showing for any portion of the period from January 2008 until he filed his petition. Rather, he filed three petitions for writ of habeas corpus between 2008 and 2010, suggesting Harris was competent and understood his legal rights and liabilities.

*Id.* at *3. The court concluded that Harris had been provided a meaningful opportunity for the presentation of his claims and that due process did not require the tolling of the statute of limitations. *Id.* The court therefore affirmed the judgment of the post-conviction court. Harris's application for permission to appeal to the Tennessee Supreme Court was denied on November 26, 2012.

Harris filed his habeas corpus petition in this court on February 27, 2013. (*See* ECF No. 1, at 21

---

[2] The exceptions that permit a court to consider a post-conviction petition filed outside the one-year limitations period under Tennessee law are:

> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required. . . ;
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid. . . .

Tenn. Code Ann. § 40-30-102(b).

(averring the petition was placed in the prison mailing system on that date[3]).) The state filed its motion to dismiss on June 3, 2013. Harris has submitted a response in opposition to the motion to dismiss (ECF No. 37), along with numerous duplicative motions for discovery, in which he contends generally that he should be permitted to take discovery and to expand the record to include evidence supporting his claim of mental incompetence for purposes of tolling of the statute of limitations (ECF Nos. 6, 30, 35, and 36).

## II.  DISCUSSION

The Antiterrorism and Effective Death Penalty Act (AEDPA) established a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d); *McCray v. Vasbinder*, 499 F.3d 568, 571 (6th Cir.2007). The limitations period begins to run from the latest of four enumerated events. 28 U.S.C. § 2244(d)(1).[4] The only event relevant here is the date on which the state-court "judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). AEDPA also provides that the limitations period is tolled during "[t]he time [that] a *properly filed* application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2) (emphasis added). The tolling provision, however, does not revive the limitations period; it can only serve to pause a clock that has not yet expired. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (citation omitted). Thus, a

---

[3] Under the prison mailbox rule, a *pro se* petitioner's habeas petition will be considered timely "if deposited in the institution's internal mailing system on or before the last day for filing," regardless of when the court itself sees the documents. Rule 3(d), Rules Gov'g § 2254 Cases.

[4] Section 2244(d) states in relevant part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

state collateral attack filed after the federal habeas limitations period has already expired does not toll the federal period. *Id.*

Notwithstanding, AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, --- U.S. ----, 130 S. Ct. 2549, 2560 (2010). The doctrine of equitable tolling is used sparingly, *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011) (citation omitted), and is typically applied "only if [the petitioner] shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 130 S. Ct. at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The petitioner bears the burden of showing that he is entitled to equitable tolling. *Ata*, 662 F.3d at 741 (citation omitted).

In this case, Harris's guilty plea was accepted on January 13, 2006. He did not take a direct appeal so, under state law, his conviction became final thirty days later, upon the expiration of the time during which he could have filed a direct appeal to the Tennessee Court of Criminal Appeals. Tenn. R. App. P. 4(a); *State v. Green*, 106 S.W.3d 646, 650 (Tenn. 2003) (holding that a "judgment of conviction entered upon a guilty plea becomes final thirty days after acceptance of the plea agreement and imposition of sentence"). The statute of limitations for filing a habeas petition under 28 U.S.C. § 2254 therefore began to run on February 13, 2006.

Harris did not file his first state petition for collateral review until July 2008, approximately two and a half years after the limitations period for filing a federal habeas petition began running, and he did not file his habeas petition in this court until February 27, 2013, more than seven years after the statute of limitations began running. Unless Harris can show that the limitations period was tolled for more than six of those years, his petition will be barred by the statute of limitations.

Harris concedes that his petition was filed outside the one-year statute of limitations, but contends, as he did in his state post-conviction petition, that he is entitled to equitable tolling of the limitations period, because:

(1) he was mentally incompetent before, during, and after the sentencing hearing, and "remained to be mentally incompetent through the time for filing a direct appeal or state post-conviction which prohibited [him] from meeting the one (1) year statute of-limitations for filing a federal habeas corpus" (ECF No. 1, at 18–19);

(2) the government interfered with Harris's ability to file a timely federal habeas petition by "illegally involuntarily administering [him] with numerous doses of antipsychotic medications" which "severely affected [Harris's] thought processes to follow the proceedings throughout the time for filing a direct appeal or state post-conviction" and also prevented him from meeting the one-year limitations period for federal habeas petitions (*id.* at 19);

(3) he was denied due process and the ability to bring forth his claims at a meaningful time and manner on numerous occasions (*id.* at 19–20); and

(4) he exercised reasonable diligence in investigating and presenting his claims at a meaningful time and manner (*id.* at 20).

A petitioner's severe mental illness may constitute grounds for equitable tolling. *Ata*, 662 F.3d at 742. To toll the statute on this basis, a petitioner must show that (1) he is (or was) mentally incompetent and (2) his mental incompetence caused his failure to comply with AEDPA's statute of limitations. *Id.* Thus, "a blanket assertion of mental incompetence is insufficient to toll the statute of limitations. Rather, a causal link between the mental condition and untimely filing is required." *Id.* (internal citation omitted). *See also McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (the mental incapacity of a petitioner can toll a statute of limitations only if it actually prevents a petitioner from pursuing his legal rights during the limitations period). The petitioner has the burden of making a threshold showing of incompetence, *see Calderon v. United States Dist. Court for Cent. Dist. of Cal.*, 163 F.3d 530, 541 (9th Cir. 1998).

Under that standard, the record simply does not support Harris's claim that his alleged mental incompetence caused the untimely filing. Even if this court assumes, as did the Tennessee Court of Criminal Appeals, that Harris was incompetent between the date of his sentencing and approximately January 2008,[5] he cannot explain his failure to file a proper post-conviction petition in the state court until January 2011—or his failure to file a federal habeas petition until 2013. Section 2244 provides for the tolling of the federal limitations period during the pendency of any "*properly filed* application for State postconviction *or other collateral review* with respect to the pertinent judgment or claim." 28 U.S.C. § 2244(d)(2) (emphasis added). Harris's serial filing of improper state habeas corpus petitions did not serve

---

[5] In his brief in support of his § 2254 petition and in his more recently filed motion to expand the record, Harris expressly avers that he was mentally incompetent and unable to manage his personal affairs from May 2004 until the end of January 2008. (ECF No. 2, at 17; ECF No. 35, at 3.)

to toll the statute. If it could do so, then in theory a petitioner could indefinitely prolong the limitations period for filing a federal habeas petition by serially filing improper collateral attacks in the state courts.

Moreover, even if the court presumes that the federal limitations period was equitably tolled the entire time between 2006 and early 2008 by reason of Harris's mental incompetence, and that Harris's *first* collateral attack, filed in July 2008, could be deemed a "properly filed" collateral attack on Harris's judgment that statutorily tolled the federal limitations period under 28 U.S.C. § 2244(d)(1), that tolling ended when the Tennessee Supreme Court denied Harris's (improperly filed) application for permission to appeal on August 26, 2008. At that point, however, despite the state courts' instructions regarding the scope of state habeas review and the fact that the time for filing a post-conviction petition had already expired, instead of pursuing federal habeas relief (or at that point seeking to file a state post-conviction petition and arguing for equitable tolling of the statute of limitations), Harris filed a second—and then a third—state habeas petition, both improper, before finally filing his state post-conviction petition in 2011. As discussed above, that petition was dismissed as untimely and the dismissal was affirmed on appeal, based on the Tennessee Court of Criminal Appeals' determination that, even if the one-year limitations period was equitably tolled through July 2008, that petition was filed outside the limitations period.

Because the state post-conviction petition was filed after the federal limitations period had already expired, even if the court deems the limitations period to have been tolled through January 2008, its filing did not revive the limitations period, nor could it toll a period that had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not . . . 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." (citation and internal quotation marks omitted)).

Accordingly, the court finds that the § 2254 petition before this court was filed outside the statute of limitations and is subject to dismissal on that basis. Fed. R. Civ. P. 12(b)(6).

**III.    OUTSTANDING MOTIONS**

Also before the court are several discovery-related motions filed by petitioner Marquise Harris, including: (1) Motion Requesting One (1) Free Copy of Transcripts Pursuant to Rules Governing Section 2254 Cases Rule 5 (ECF No. 6); (2) Motion Requesting Discovery Pursuant to Rule 6(a) or (b) of the

Rules Governing § 2254 Cases (ECF No. 30), in which the petitioner also requests the appointment of counsel to assist him in obtaining the documents he seeks to discover; (3) Motion to Expand the Record Pursuant to Rule 7 of the Rules Governing § 2254 Cases (ECF No. 35); and (4) Motion Requesting Subpoena of Documents Pursuant to 28 U.S.C. § 656 (ECF No. 36).

In his motion for copies of transcripts (ECF No. 6), the petitioner requests copies of transcripts from various pretrial court appearances made in his state criminal proceedings, as well the sentencing hearing transcripts. He states that he needs copies of these transcripts to assist him in establishing that the statute of limitations pertaining to his habeas petition should be tolled by reason of his mental incompetence. (ECF No. 6.) Similarly, in his motion for discovery (ECF No. 30), the petitioner requests discovery pursuant to Rule 6(a) or (b) of the Rules Governing § 2254 Cases, specifically copies of the pretrial and sentencing hearing transcripts, as well as mental health records from the Tennessee Department of Correction, to assist him in "establishing [his] right to the relief sought pertaining [his] mental incompetence and involuntary administration of antipsychotic medication." (ECF No. 30, at 3.)[6] The petitioner contends that he needs these documents in order to establish cause and prejudice to overcome procedural default and obtain federal habeas review of claims that have not previously been presented to or ruled upon by the state courts.

The petitioner's two more recent motions essentially reiterate his requests for relief in the two motions discussed above. In his motion to expand the record (ECF No. 35), the petitioner again requests to expand the record to "obtain and present additional documents" to support his claim for equitable tolling. (ECF No. 35, at 1.) Although the petitioner does not explain in this motion what documents he seeks to obtain, in his motion requesting subpoenas (ECF No. 36), the petitioner specifically requests permission to issue subpoenas to his prior defense attorneys and to the attorney for the respondent to obtain (1) a copy of the transcript of the hearings during which he entered his guilty plea on January 13, 2006, which the plaintiff expects will demonstrate that he was "not in control of [his] mental faculties" and was therefore prevented from seeking direct review of his conviction between January 13, 2006 and February 13, 2006; and (2) mental health records from TDOC that the petitioner expects will show his

---

[6] The petitioner requested these documents directly from TDOC, but was told that he would not be provided the records unless they were requested by an attorney or subpoenaed by the court. (See ECF No. 2-2, App. P (letter denying petitioner's request for documents).)

mental incompetence through February 13, 2007. (ECF No. 36.)

Because the court has determined that Harris's petition is barred by the statute of limitations *even if* the court assumes that Harris was mentally incompetent at the time of his sentencing and up through January 2008, his various motions for discovery, for copies of transcripts, and to issue subpoenas are moot. In other words, even if the petitioner were permitted to obtain and present to the court all the documents he seeks, and those documents actually proved what he says they would prove, their introduction would not change the outcome in this case. The court would still necessarily conclude, for the reasons discussed above, that the plaintiff's petition in this court was filed outside the statute of limitations, and that even if equitable tolling applies through the time Harris contends he was mentally incompetent, it would not render timely his present motion. The outstanding discovery motions must therefore be denied.

## IV. CONCLUSION

For the reasons explained above, the respondent's motion to dismiss Marquise Harris's § 2254 petition will be granted and the habeas petition will be dismissed. All other outstanding motions will be denied as moot.

The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases. The petitioner may not take an appeal unless a district or circuit judge issues a COA. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). Under 28 U.S.C. § 2253(a), a district court must evaluate the appealability of its decision dismissing a § 2254 habeas petition and issue a COA if "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also* Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). The COA must "indicate which specific issue or issues satisfy the [required] showing." 28 U.S.C. § 2253(c)(3).

Under these standards, the Court finds that Harris's claims are clearly barred by the statute of limitations, and that the petitioner therefore has not made a "substantial showing of the denial of a constitutional right" with respect to any of the grounds for relief asserted in his petition. *Miller-El*, 537 U.S. at 336. The Court will therefore deny a COA. Harris will not be permitted to pursue an appeal of this matter unless he requests and obtains a COA directly from the Sixth Circuit Court of Appeals. Rule 11(a),

R. Gov'g § 2254 Cases; Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    An appropriate order is filed herewith.

_____
Aleta A. Trauger
United States District Judge